## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| STUDENTS ENGAGED IN ADVANCING TEXAS; M.F., *BY AND THROUGH NEXT FRIEND* VANESSA FERNANDEZ; AND Z.B., *BY AND THROUGH NEXT FRIEND* S.B., <br><br> *PLAINTIFFS*, <br><br> v. <br><br> KEN PAXTON, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF TEXAS, <br><br> *DEFENDANT*. | CASE NO. 1:25-CV-01662-RP |

### KEN PAXTON'S ORIGINAL ANSWER

Defendant Ken Paxton, in his official capacity as Attorney General of Texas files this Answer and Affirmative Defenses to Plaintiffs' Complaint for Declaratory and Injunctive Relief (ECF No. 1).

Pursuant to Fed. R. Civ. P. 8(d), Defendant denies each and every allegation contained in Plaintiffs' Complaint with the exception of what is expressly admitted below.

The headings and numbered paragraphs below correspond to the sections and numbered paragraphs of the Plaintiffs' Complaint. Such headings are reproduced in this Answer solely for organizational purposes, and Defendant does not admit any matter contained in those headings.

1

**DEFENDANT'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendant denies that plaintiffs are entitled to any of the relief mentioned herein.

## I.   Preliminary Statement

1. Defendant admits that S.B. 2420, the Texas App Store Accountability Act, as codified at Tex. Bus. & Com. Code §§ 121.001 *et seq.*, is reproduced accurately in Plaintiffs' Exhibit 1.

2. Defendant admits that the language quoted from *Brown* is transcribed accurately. Defendant denies the remainder of the allegations in this paragraph.

3. Denied.

4. Defendant admits that Plaintiffs purport to bring this action to challenge S.B. 2420. Defendant lacks knowledge or sufficient information to form a belief about the truth of the remainder of the allegations in this paragraph and therefore denies them.

## II.   Parties

5. Defendant admits that Students Engaged in Advancing Texas (SEAT) is a plaintiff in this case. Defendant lacks knowledge or sufficient information to form a belief about the truth of the remainder of the allegations in this paragraph and therefore denies them.

6. Defendant admits that M.F. is a plaintiff in this case. Defendant lacks knowledge or sufficient information to form a belief about the truth of the remainder of the allegations in this paragraph and therefore denies them.

7. Defendant admits that Z.B. is a plaintiff in this case. Defendant lacks knowledge or sufficient information to form a belief about the truth of the remainder of the

allegations in this paragraph and therefore denies them.

8. Admit.

### III.   Jurisdiction and Venue

9. Defendant denies that the court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§1331 and 1343(a). Defendant admits that Plaintiffs purport to assert claims for relief under 42 U.S.C. §§ 1983 and 1988, but denies that any such claims against Defendant are valid or legally cognizable.

10. Defendant admits that Plaintiffs purport to assert claims for relief under 28 U.S.C. § 1651 and *Ex parte Young*, 209 U.S. 123 (1908), and 28 U.S.C. § 2201(a), but denies that any such claims against Defendant are valid or legally cognizable and denies the remaining allegations in this paragraph.

11. Admit.

### IV.   Factual Allegations

12. Denied.

13. Defendant acknowledges the existence of the Apple App store, the Google Play Store, the Amazon AppStore, the Galaxy Store, and the Microsoft Store, as extant major app stores in the United States. Defendant lacks knowledge or sufficient information to form a belief about the truth of the remainder of the allegations in this paragraph and therefore denies them.

14. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in this paragraph and therefore denies them.

15. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in this paragraph and therefore denies them.

16. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in this paragraph and therefore denies them.

17. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in this paragraph and therefore denies them.

18. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in this paragraph and therefore denies them.

19. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in this paragraph and therefore denies them.

20. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in this paragraph and therefore denies them.

21. Defendant admits that some apps are developed for educational purposes. Defendant lacks knowledge or sufficient information to form a belief about the truth of the remainder of the allegations in this paragraph and therefore denies them.

22. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in this paragraph and therefore denies them.

23. Defendant admits that some apps are developed for news distribution purposes. Defendant lacks knowledge or sufficient information to form a belief about the truth of the remainder of the allegations in this paragraph and therefore denies them.

24. Defendant admits that some apps are developed for content creation purposes. Defendant lacks knowledge or sufficient information to form a belief about the truth of the remainder of the allegations in this paragraph and therefore denies them.

25. Defendant lacks knowledge or sufficient information to form a belief about the truth

of the allegations in this paragraph and therefore denies them.

26. Defendant admits that social media apps exist. Defendant lacks knowledge or sufficient information to form a belief about the truth of the remainder of the allegations in this paragraph and therefore denies them.

27. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in this paragraph and therefore denies them.

28. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in this paragraph and therefore denies them.

29. Defendant admits that Texas Democrats posted about interrupting the Texas Legislature's redistricting vote on X. Defendant lacks knowledge or sufficient information to form a belief about the truth of the remainder of the allegations in this paragraph and therefore denies them.

30. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in this paragraph and therefore denies them.

31. Defendant admits the existence of discussion based social networking apps. Defendant lacks knowledge or sufficient information to form a belief about the truth of the remainder of the allegations in this paragraph and therefore denies them.

32. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in this paragraph and therefore denies them.

33. Admit.

34. Denied.

35. Defendant admits that S.B. 2420 pertains to "app stores," and that Plaintiffs have

accurately transcribed portions of the statutory text.

36. Denied.

37. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in this paragraph and therefore denies them.

38. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in this paragraph and therefore denies them.

39. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in this paragraph and therefore denies them.

40. Defendant admits that S.B. 2420 exempts two categories of apps and that Plaintiffs have accurately transcribed portions of the statutory text. Defendant lacks knowledge or sufficient information to form a belief about the truth of the remainder of the allegations in this paragraph and therefore denies them.

41. Defendant admits that S.B. 2420 requires age verification and that Plaintiffs have accurately transcribed portions of the statutory text.

42. Defendant admits that S.B. 2420 requires minors to link their account with a parent or guardian account, and that Plaintiffs have accurately transcribed portions of the statutory text.

43. Defendant admits that Plaintiffs have accurately transcribed portions of the statutory text of S.B. 2420. Defendant additionally notes that app developers must "delete personal data provided by the owner of an app store under Section 121.024 on completion of the verification required" by that section.

44. Admit.

45. Defendant admits that the state may enforce the provisions of S.B. 2420 under the Texas Deceptive Trade Practices Act, and that the statute permits penalties up to $10,000 per violation. Defendant lacks knowledge or sufficient information to form a belief about the truth of the remainder of the allegations in this paragraph and therefore denies them.

46. Denied.

47. Denied.

48. Denied.

49. Defendant admits that the quotations used in this paragraph have been accurately transcribed. Defendant lacks knowledge or sufficient information to form a belief about the truth of the remainder of the allegations in this paragraph and therefore denies them.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Defendant admits that the quotation from *Elrod v. Burns* is accurately transcribed. Defendant lacks knowledge or sufficient information to form a belief about the truth of the remainder of the allegations in this paragraph and therefore denies them.

55. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in this paragraph and therefore denies them.

56. Denied.

57. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in this paragraph and therefore denies them.

### V.   Standing

58. Defendant admits that

59. Defendant

60. Denied

61. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in this paragraph and therefore denies them.

62. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in this paragraph and therefore denies them.

### VI.   Claims for Relief

63. Defendant denies that the provisions of S.B. 2420 are facially invalid under the First Amendment.

64. Defendant denies that the provisions of S.B. 2420 are unconstitutional as-applied to the plaintiffs under the First Amendment.

### COUNT ONE

65. Defendant incorporates his answers to all preceding paragraphs as if fully set forth herein.

66. Defendant admits that the quotes used are accurately transcribed. Defendant denies that the First Amendment principles cited are implicated by S.B. 2420's consumer protection provisions.

67. Defendant admits that the quotes used are accurately transcribed.

68. Denied.

69. Denied.

70. Defendant admits that the quote from *Minneapolis Star* is accurately transcribed. Defendant denies the remainder of the allegations in this paragraph.

71. Denied.

72. Denied.

73. Defendant admits that the quotes used are accurately transcribed. Defendant denies the remainder of the allegations in this paragraph.

74. Denied.

75. Defendant admits that the quotes used are accurately transcribed. Defendant denies the remainder of the allegations in this paragraph.

76. Defendant admits that the quotes used are accurately transcribed. Defendant denies the remainder of the allegations in this paragraph.

77. Denied.

78. Denied.

79. Defendant admits that the quote from *Brown* used is accurately transcribed. Defendant denies the remainder of the allegations in this paragraph.

80. Denied.

81. Denied. Defendant notes the logical double-bind presented by Plaintiffs, where regulation of all apps is overinclusive and therefore impermissible, while regulation of only some apps (or exempting some apps) is content-based and therefore impermissible.

82. Denied.

83. Defendant admits that the quotes used from *Turner* are accurately transcribed. Defendant denies the remainder of the allegations in this paragraph.

84. Denied.

85. Denied.

86. Defendant admits that the quote from *Moody* is accurately transcribed. Defendant denies the remainder of the allegations in this paragraph.

87. Defendant admits that the quotes used are accurately transcribed. Defendant denies the remainder of the allegations in this paragraph.

88. Denied.

89. Denied.

## COUNT TWO

90. Defendant incorporates his answers to all preceding paragraphs as if fully set forth herein.

91. Defendant admits that the quote from *Interstate* is accurately transcribed.

92. Defendant admits that the quotes used in this paragraph are accurately transcribed.

93. Defendant admits that the quotes used in this paragraph are accurately transcribed.

94. Defendant admits that the provisions of S.B. 2420 require app stores to revoke minors' access to apps which have been materially changed. Defendant denies the remainder of this paragraph.

95. Defendant admits that the quoted text from *Counterman v. Colorado* is accurately transcribed. Defendant denies the remainder of the allegations in this paragraph.

96. Denied.

## VII.  Prayer for Relief

97. Defendant incorporates his answers to all preceding paragraphs as if fully set forth herein.

A. Defendant denies that Plaintiff is entitled to any of the relief requested herein.

B. Defendant denies that Plaintiff is entitled to any of the relief requested herein.

C. Defendant denies that Plaintiff is entitled to any of the relief requested herein.

D. Defendant denies that Plaintiff is entitled to any of the relief requested herein.

E. Defendant denies that Plaintiff is entitled to any of the relief requested herein.

F. Defendant denies that Plaintiff is entitled to any of the relief requested herein.

G. Defendant denies that Plaintiff is entitled to any of the relief requested herein.

### DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following and other defenses to the claims raised in Plaintiffs' Complaint:

1. This Court lacks subject-matter jurisdiction to consider all claims asserted in Plaintiffs' Complaint.

2. Plaintiff has failed to state a claim upon which relief can be granted.

3. Defendant asserts all applicable immunities to Plaintiffs' claims, including but not limited to his entitlement to Eleventh Amendment and sovereign immunity.

4. Pursuant to 42 U.S.C. § 1988(b), Defendant will be entitled to recover attorney's fees if he is the prevailing party.

5. Defendant reserves the right to assert additional affirmative and other defenses as they may become apparent in the factual development of this case.

Date: December 15, 2025

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**RYAN D. WALTERS**
Deputy Attorney General for Legal Strategy

**RYAN G. KERCHER**
Chief, Special Litigation Division
Texas Bar No. 24060998

Respectfully submitted.

/s/ *Zachary W. Berg*
**ZACHARY W. BERG**
Special Counsel
Texas Bar No. 24107706

**STEVEN B. LOOMIS**
Special Counsel
Texas Bar No. 00793177

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
zachary.berg@oag.texas.gov
steven.loomis@oag.texas.gov

**COUNSEL FOR DEFENDANT PAXTON**

### CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on December 15, 2025 and that all counsel of record were served by CM/ECF.

/s/ *Zachary W. Berg*
**ZACHARY W. BERG**